**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Manuel RUIZ–MALDONADO,**
**Defendant–Appellant.**

**No. 06–30318.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 5, 2007 *.

Filed Feb. 22, 2007.

---

2. Webster's Ninth New Collegiate Dictionary at 629, 957 (9th ed. 1983).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Helen J. Brunner, Esq., Susan M. Roe, Esq., USSE—Office of The U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Peter A. Camiel, Esq., Mair & Camiel, Seattle, WA, for Defendant–Appellant.

Before: GRABER, PAEZ, and BEA, Circuit Judges.

## MEMORANDUM **

Manuel Ruiz–Maldonado appeals his jury conviction for charges involving a large cocaine and methamphetamine conspiracy. He argues that the district court erred in failing to suppress evidence obtained through the use of a telephone wiretap because the wiretap application failed to meet the statutory requirement of "necessity."[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

"Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2518, prohibits electronic surveillance by the federal government except under specific circumstances." *United States v. Canales Gomez*, 358 F.3d 1221, 1224 (9th Cir.2004). The Government's application must include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous."[2] 18 U.S.C. §§ 2518(1)(c). We have emphasized "the statutory presumption against this intrusive method" and have interpreted these statutory prerequisites as a "necessity" requirement. *United States v. Gonzalez, Inc.*, 412 F.3d 1102, 1112 (9th Cir.2005). Nevertheless, we evaluate the presence of "necessity" using "a 'common sense approach[,]' . . . [and] law enforcement officials need not exhaust every conceivable alternative before obtaining a wiretap." *United States v. Fernandez*, 388 F.3d 1199, 1235–36 (9th Cir.2004) (quoting *Canales Gomez*, 358 F.3d at 1225–26).

We agree with the district court that the affidavit supporting the wiretap constituted a full and complete statement of the facts; any omissions were not material and could not have led the "judge inappropriately to find necessity for [the] wiretap order." *Gonzalez, Inc.*, 412 F.3d at 1110. The affidavit described at length, and with

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. "We review the district court's finding of necessity in a wiretap application for abuse of discretion." *United States v. Decoud*, 456 F.3d 996, 1006 (9th Cir.2006).

2. "We review de novo whether the information submitted in an affiant's affidavit amounts to 'a full and complete statement of the facts' as required by 18 U.S.C. § 2518(1)(c)." *Canales Gomez*, 358 F.3d at 1224 (citation omitted).

reference to the subject investigation, why traditional techniques had been or would prove to be unsuccessful or too dangerous; it detailed the attempts to use and specific problems with undercover agents, confidential sources, controlled buys, surveillance, search warrants, arrests, interviews, and grand jury questioning. In light of this detail, the minor omissions, such as the fact that the use of traffic stops as an investigatory technique had *also* been tried with only limited success, does not change the tenor of the application.

On this record, the district court did not abuse its discretion in finding necessity for the wiretap. Although the DEA had some success using traditional techniques, the investigation had been unable to identify the "sources of supply, couriers used by the organization, distributors and others who are criminally assisting." *See United States v. Bennett*, 219 F.3d 1117, 1122 (9th Cir.2000). Further, in cases that, like this one, involve a criminal conspiracy, we have allowed wiretaps when, although traditional techniques "provided much of the investigation's preliminary information," only a wiretap would "penetrate the inner workings of the drug conspiracy" and "identify and investigate the whole of the network, including the *entire* hierarchy of suppliers, transporters, distributors, customers, and money launderers." *Canales Gomez*, 358 F.3d at 1224–25 (emphasis added).

Finally, Ruiz–Maldonado contends that the affidavit relied too heavily on "inherent limitations" of normal investigative procedures, *United States v. Blackmon*, 273 F.3d 1204, 1210 (9th Cir.2001), but we have upheld necessity findings regardless of any such reliance so long as the supporting affidavits were not "plagued by material misrepresentations and omissions," *Fernandez*, 388 F.3d at 1237. Here, the DEA conducted a lengthy investigation before seeking a wiretap. The affidavit described the many traditional techniques attempted with only limited results. Given the "considerable discretion" that we afford necessity findings, *United States v. McGuire*, 307 F.3d 1192, 1197 (9th Cir.2002), we will not second guess the district court's determination in this case.

AFFIRMED.